# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2013

## STATE OF TENNESSEE v. DARIUS F.L. DIX

**Appeal from the Criminal Court for Montgomery County**
**No. 41000464    John H. Gasaway, Judge**

---

**No.  M2012-02131-CCA-R3-CD - Filed August 20, 2013**

---

Appellant, Darius F. L. Dix, was indicted in a multi-defendant, multi-count indictment by the Montgomery County Grand Jury for simple possession of marijuana and possession of twenty-six grams or more of cocaine with intent to sell or deliver.  After a jury trial, Appellant was convicted of both offenses.  As a result, the trial court sentenced Appellant to ten years for the cocaine conviction and eleven months and twenty-nine days for the marijuana conviction, to be served concurrently with each other but consecutively to a sentence in another case for which Appellant was on probation/community corrections at the time of his arrest.  Appellant's ten-year sentence was ordered to be served on probation. Subsequently, Appellant filed a pro se "appeal of verdict" in which he challenged the sufficiency of the evidence.  Counsel later filed an untimely motion for new trial.  The trial court denied the motion, and Appellant appealed to this Court arguing that the evidence was insufficient to support his conviction for possession of cocaine.  After a review of the record and applicable authorities, we determine that there was sufficient evidence presented at trial for the jury to determine that Appellant possessed more than twenty-six grams of cocaine for resale.  Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER , JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Darius F.L. Dix.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; John W. Carney, Jr., District Attorney General, and Kimberly Lund, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

On February 3, 2010, Officer David Johnson of the Clarksville Police Department stopped a white Ford Contour for failing to stop at a stop sign. Appellant was driving the vehicle; he was accompanied by two other men. Officer Johnson approached the driver's side of the vehicle, and a fellow officer, Griffie Briggs, approached the passenger side.

According to Officer Johnson, the passenger of the vehicle, later identified as Milton Carter, jumped out of the vehicle and told the officers that he "had a warrant." Officer Briggs noticed a strong odor of marijuana emanating from the vehicle. The officer confirmed that Mr. Carter had a warrant outstanding for driving on a suspended license. He was placed in a patrol car while Appellant was left at the vehicle. The officers discovered that the vehicle was owned by Appellant's aunt.

Appellant was placed under arrest and searched. During the search, a bag of marijuana was found in Appellant's right front pocket. The vehicle was searched incident to the arrest, and a "baggie" of white powder was located on the passenger side floorboard. The substance field tested positive for cocaine. The officers also located a "Chapstick tube" between the center console and the passenger seat that contained a white crystalline substance that appeared to be crack cocaine.

As a result of the traffic stop, Appellant, Mr. Carter, and the third occupant of the vehicle, Jeremy A. McGee, were indicted by the Montgomery County Grand Jury in April of 2010 with possession of more than twenty-six grams of cocaine with the intent to manufacture, sell, or deliver. Additionally, Mr. McGee and Mr. Dix were charged with possession of marijuana.

The matter proceeded to trial. At trial, Mr. Carter testified that Appellant picked him up on February 3, 2010, to give him a ride. Appellant detoured through a trailer park. During this stop. Appellant exited the vehicle for about ten to fifteen minutes. Mr. Carter stayed in the vehicle at this time. When Appellant returned to the vehicle, he was accompanied by Mr. McGee. The vehicle made another stop on the side of the road, where a man wearing a red hat reached his hand through the passenger-side window and made an "exchange" with Appellant. The man handed Appellant a bag of white powder. Mr. Carter did not pay attention to the location of the bag of powder; he was busy texting.

Shortly thereafter, the vehicle was stopped by the police. Mr. Carter denied that he was smoking marijuana with Appellant when they were pulled over. He also denied that he jumped out of the vehicle during the traffic stop but admitted that he volunteered that he had an outstanding warrant.

Mr. Carter explained that he was taken to a patrol car while Appellant and Mr. McGee remained at the vehicle. Appellant was eventually put into another patrol car. Mr. Carter testified that he could see Appellant from his car, and Appellant mouthed to him that he should not say anything to police.

Mr. Carter was placed in a different holding cell when the men got to jail. He saw Appellant one more time, prior to arraignment. At this time, Mr. Carter claimed that Appellant asked if he would "do this for [him]?" Mr. Carter told Appellant, "No."

Mr. Carter testified that while incarcerated he finally agreed to give a statement to police about the incident after talking to both his mother and the mother of his child on the telephone. He claimed that he gave the statements of his "own free will" and did not have any indication from the prosecution about how his statement would affect his own case.

Agent Will Evans of the Tennessee Bureau of Investigation ("TBI") was the agent in charge of the investigation. He weighed the two rocks found in the Chapstick container and found that they weighed three grams. Jennifer Sullivan of the TBI weighed the white powder substance and found that it weighed 55.2 grams. Ms. Sullivan testified that she did not receive the crystalline substance for testing but that if it was all submitted in the same bag she would have tested it as one item. Glen Glenn of the TBI tested the marijuana. It weighed three grams.

At the conclusion of the jury trial, the jury found Appellant guilty of both charged offenses. The trial court held a separate sentencing hearing. At the hearing, the trial court noted that Appellant had prior convictions including two convictions for possession of marijuana, a conviction for the sale of cocaine, and two convictions for domestic violence, all occurring between the ages of eighteen and twenty. At the time of the hearing, Appellant was twenty-four years old and was on community corrections as a result of a prior sentence. Despite Appellant's prior record, the trial court sentenced Appellant to ten years for the cocaine conviction and eleven months and twenty-nine days for the simple possession conviction. The trial court ordered the sentences to be served concurrently and ordered Appellant to serve the sentences on probation. Further, the trial court ordered Appellant to serve the sentences consecutively to the sentences in case number 40701377, in which Appellant had received an effective eight-year sentence.

Appellant then filed a pro se "appeal of verdict" in which he complained about the evidence at trial. Appellate counsel was appointed, and an untimely motion for new trial was filed in which Appellant challenged the sufficiency of the evidence and his sentence. The trial court held a hearing on the motion. The motion was denied.[1] Appellant filed a timely notice of appeal. He challenges the sufficiency of the evidence for the conviction for possession of cocaine on appeal.

*Analysis*

On appeal, Appellant argues that the evidence is insufficient to support his conviction for possession of more than twenty-six grams of cocaine with intent to sell or deliver. Specifically, Appellant argues that he could not have been convicted by the testimony of Mr. Carter because he was an accomplice and the testimony was not corroborated. The State, on the other hand, contends that even if Mr. Carter is viewed as an accomplice whose testimony was uncorroborated, there was more than enough additional evidence presented at trial with which to convict Appellant.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994) (citing *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992)). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial

---

[1] The untimely motion for new trial filed by counsel was a nullity. Tenn. R. Crim. P. 33 (b). The trial court did not have the authority to consider the issues presented in the untimely motion and the consideration of those issues by the trial court does not validate the motion. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997).

evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

Convictions may not be based solely upon the uncorroborated testimony of an accomplice. *See State v. Robinson*, 971 S.W.2d 30, 42 (Tenn. Crim. App. 1997). An accomplice is one who "knowingly, voluntarily, and with common intent participates with the principal offender in the commission of the crime alleged in the charging instrument." *State v. Griffis*, 964 S.W.2d 577, 588 (Tenn. Crim. App. 1997) (footnote omitted). In order to determine if a person is an accomplice, it is necessary to determine if the alleged accomplice could be indicted for the same offense with which the defendant is charged. *State v. Green*, 915 S.W.2d 827, 831 (Tenn. Crim. App. 1995).

Tennessee law, however, requires only a modicum of evidence to sufficiently corroborate such testimony. *See State v. Copeland*, 677 S.W.2d 471, 475 (Tenn. Crim. App. 1984). The law in Tennessee regarding accomplice testimony has been described as follows:

> The rule, simply stated, is that there must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence.

*State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994) (superceded by statute on unrelated grounds, T.C.A. § 39-13-204(c) (1998)) (citations omitted). "Only slight circumstances are required to corroborate an accomplice's testimony." *Griffis*, 964 S.W.2d at 589. Whether sufficient corroboration exists is a determination for the jury. *Bigbee*, 885 S.W.2d at 803.

In order for the State to convict Appellant of possession of more than twenty-six grams of cocaine, the State had to prove that Appellant knowingly "possess[ed] a controlled substance with intent to manufacture, deliver or sell the controlled substance." T.C.A. § 39-17-417(a)(4). A violation of Tennessee Code Annotated section 39-17-417(a)(4) is a class

B felony if the amount of the cocaine possessed is more than .5 grams. T.C.A. § 39-17-417(c)(1).

It is not clear from the record if the trial court determined that Mr. Carter was an accomplice because the jury instructions are not included in the record on appeal. However, we determine that even in the event the trial court ruled that Mr. Carter was an accomplice, the proof is still sufficient to support Appellant's conviction. The cocaine was found in the floorboard of the vehicle Appellant was driving. The vehicle belonged to Appellant's aunt. Mr. Carter denied that the cocaine belonged to him. The officers testified that they found the bag of white powder on the floorboard of the passenger side of the vehicle and found the Chapstick tube in the console between the passenger seat and driver's seat. The jury heard the testimony of the officers along with the testimony of Mr. Carter and presumably made credibility determinations based on that proof. This is a job entrusted to the jury. The evidence is sufficient to support the conviction. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE